WINDSOR,
February,
1833.

## ENOCH LOCKWOOD vs. NOMLAS COBB.

That the fee of thirty-four cents, allowed a justice of the peace for taking a deposition including the caption and certificate, does not include the writing of the deposition.

That, if the magistrate writes the deposition of a witness, he incurs no penalty under the statute of 1821, by taking pay for such writing, beside thirty-four cents for the caption and certificate.

This action came up from the County Court on exceptions to the decision of said Court.   The action was bro't for the purpose of recovering a penalty for taking unlawful fees.   The statute of 1821, termed 'the fee bill,' provides specific fees for the services of the various officers in the State, and annexes a penalty of ten times the amount any officer should receive above the sum so specified.   Among other items, it allows a justice of the peace thirty-four cents for taking a deposition, including the caption and certificate ; and says nothing about the writing of the deposition.   The case shows, that defendant was a justice of he peace, and took a deposition at the request of the

WINDSOR,
*February,*
1833.

Lockwood,
*vs.*
Cobb.

plaintiff; and wrote the deposition as well as the caption: and demanded and received for the whole, fifty cents.

This action was brought to recover the penalty for what was received over thirty-four cents. It was brought before a justice of the peace, and went by appeal to the County Court; and came to this Court on exceptions, as by writ of error.

*Isaac N. Cushman, for plaintiff.*—The only question to be determined in this case is, what is the meaning of the words of the *fee bill* in the statute, "taking deposition including caption and certificate?"

If, by the ordinary rules of construction, words are to be taken in their common acceptation, the expression "taking a deposition," means *writing the deposition.*

If no caption or certificate was made necessary by the statute, there could be no doubt about the meaning of the phrase "taking."

That, by the word *taking* here was meant the *writing of the deposition,* seems too clear to admit of a doubt.

If the word *taking* was not intended to mean *writing,* why did not the Legislature say, "for taking caption and certificate of a deposition, thirty-four cents?"

But the expression is, *taking,* &c., *including caption,* &c. I have uniformly given this construction to this statute; and this is the first instance in which I have heard or known of a *pretence* that an additional fee for *writing* has ever been demanded.

By the 3d section of the act, (see Stat. p. 303) *writing* depositions is not mentioned.

If the *taking* was not intended to include *writing,* it is to be presumed that writing depositions, &c. "six cents for every 100 words shall be allowed" would have been inserted among the exceptions in that section.

But it says, "*records of proceedings, copies, attestations* or *certificates,* other than those enumerated in this fee-bill, &c., six cents for every 100 words."

The words "taking and including," are, therefore, plainly intended to embrace the whole service of getting the testimony or deposition on paper, in statutory form; & any other construction would give no meaning whatever to the word

Lockwood
vs.
Cobb.

*including;* and would, it is believed, be a pitiful evasion of the plain meaning of the statute.

If the Court allow this charge, as a legitimate one, they consequently allow it to the party in favor of whom it is primarily taxed in his bill of costs, as a proper item of taxation. For all legal taxable costs should follow suit.

*Jacob Collamer, contra.*—The only question in this case is, does the expression in the fee-bill, as to justices' fees, "for taking deposition, including caption and certificate, thirty-four cents," include the time and labor of *writing* the deposition?—Stat. 298.

1st. This is a penal action, and the statute must receive a strict construction; and, most clearly, the words of the statute do not include the *writing*.

2d. The statute, in those places where the word *including* is used, proceeds to all particulars, and is to be construed as extending to no others; as, where copy of appeal is regulated.—Stat. 299.

3d. It is unreasonable and unjust to hold the *writing* a deposition as included in this charge; as the same have every degree of length and difficulty, and can have no fixed measure of price.

4th. The fee-bill fixes a price only for *official services;* and nothing else is to be construed as included, unless clearly and expressly named.

The writing a deposition is not an official act. It may be done, and is to be presumed in the law to be done, by the deponent; as it is in his language, and by him signed; or it may be written by another, and is no where required by the justice to be certified as his official act. The *taking*, spoken of in the statute, is the official act of cautioning, examining and swearing the witnesses; and for this official act, together with caption and certificate, the thirty-four cents are given by statute.

5th. If a deposition were written by a deponent, could not a justice, with truth and propriety, put on such deposition the legal certificate, "The within deposition was *taken* and sealed by up me, —— ——, Justice Peace." If so, the *taking* does not include *writing*.

The opinion of the Court was pronounced by

WINDSOR,
*February,*
1833.

Lockwood
*vs.*
Cobb.

HUTCHINSON, C. J.—One question only is presented in this case; and it is presumed, that the practical importance of the principle embraced in this question, occasioned its coming to this Court, rather than the magnitude of the sum in controversy. The question really is this :— whether the sum of thirty-four cents, fixed as a compensation to a justice of the peace for taking a deposition, including caption and certificate, is all that he can safely take, even when he *writes* the deposition. The statute, which was in force prior to November, 1821, used this phrase :— " Taking deposition out of Court, thirty-four cents." There was also a broad sweeping section, relating to matters not particularly named, and giving seven cents for each 100 words, and seventeen cents for a copy of the whole case. Reports were circulated in and about the Legislature, that some magistrates had adopted a practice rather of speculation, in taking depositions.—That some took thirty-four cents for the certificate of the oath and caption, and seventeen cents for the certificate of its being taken and sealed up by him. Others took all this, and added what the writing of the caption which follows the oath would amount to at seven cents for each 100 words. This was the evil to be remedied by the new statute. It is the business of the witness, to write his own deposition, or procure it done. The official business of the justice commences after the deposition is written and signed. He then examines and cautions the deponent relative to the truth of the deposition, and administers the oath, and makes out the certificates and caption. All this is a uniform business, and deserves a uniform compensation; while the writing of the deposition could have no reasonable sum fixed, till its length becomes known. The writing of the deposition is no part of the official duty of the Magistrate. Any other indifferent person may do it as well as the magistrate, even if the deponent is unable to do it himself. If the magistrate does write the deposition, it is as reasonable that he should receive pay for it, as that any other person should receive it.

There is nothing in this case, that shows how long this deposition was; but as only sixteen cents were claimed as received for writing it, we presume that a reasonable sum.

WINDSOR,
February,
1833.
Indeed, the decision of the County Court embraces no con-troversy upon that point.

Lockwood
vs.
Cobb.
The judgement of the County Court was in favor of the defendant, that the facts proved did not render him liable to the penalty sued for; and that judgement is affirmed.